[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs, Noah G. Cross and Robert Troccolla, bring this action claiming that they were injured as a result of defendants negligent motor vehicle operation. The case was tried to this court over a two day period. During the trial, the court heard the testimony of plaintiffs, Cross and Troccolla, driver and passenger, respectively, and the testimony of the defendants, Roy Bellante, and his adult son and passenger, Vincent Bellante. CT Page 6443
It is clear from the testimony of the four, that veracity is not their strong suit.
While plaintiffs claim that defendant backed his vehicle into theirs and then drove away without stopping or acknowledging the collision, the defendant and his witness claim that the collision never occurred. Furthermore, defendant contends that he was unaware of the alleged collision until he received a summons in the mail from the Waterbury Police Department, one month later. Although defendant acknowledges that he received a message on his telephone answering machine from a Waterbury police officer prior to receiving the summons and that he attempted to reach the officer by phone on two occasions, he was unable to speak with him at either time and, therefore, contends that he knew nothing of plaintiffs claim. Defendant failed to indicate, however, that the Waterbury Police Department had enlisted the assistance of the police department in the town of his residence which also attempted to contact him without success. At a minimum, the defendant's limited response, to these police inquiries gives rise to some consternation.
From a preponderance of the credible evidence presented at trial, the court finds the following facts.
On August 24, 1997, plaintiffs were seated in a 1995 Aurora Oldsmobile in the Costco parking lot in Waterbury, Connecticut, waiting for a parking space to free up when the defendant began slowly backing his Chevrolet Blazer out of a parking space. While backing, defendant's vehicle made slight contact with plaintiffs' vehicle and then drove off at a moderate speed. Plaintiff, Cross, trying to attract defendant's attention, followed sounding his horn, but defendant left the parking lot. Cross did not follow, rather, he drove to a public phone located on the lot and called the Waterbury Police Department. After waiting, without success, for a police officer to respond, plaintiffs drove to police headquarters where they provided an officer with a description of defendant's vehicle and its marker number.
The court finds from a fair preponderance of the evidence that defendant did back into plaintiff's vehicle with slight impact and that the collision was proximately caused by defendant's negligence in failing to keep and maintain a proper lookout and pay attention to where he was backing. The court also finds the plaintiff's testimony characterizing the severity of the impact of the collision, suspect.
Plaintiff, Troccolla, on one occasion during his testimony indicted that it was possible that the defendant did not know that he backed into plaintiff's vehicle, yet, earlier while being deposed, he stated that CT Page 6444 defendant was attempting to flee the scene after the collision. Plaintiff, Cross, on the other hand, testified that the collision was of considerable impact, a 7 or 8 on a scale of 1 to 10, with 10 being the most severe.
Although the court finds a collision did occur, it cannot find by a preponderance of credible evidence that defendant's negligence proximately caused either plaintiff to suffer any physical or mental injury. While there is no doubt that the plaintiffs decided sometime after the collision to go to the ED at St. Mary's Hospital where x-rays were taken and read as unremarkable, the histories the plaintiffs gave to subsequent health care providers impugns any credibility their testimony might otherwise have had, as to their claims of pain and suffering, soft tissue injuries with permanency and the like.
The following reflect some of the inconsistencies in plaintiffs' testimony which together with their demeanor, interest in the subject matter and their inability to recall certain facts, calls into question their claims of injury.
Plaintiff, Cross, at his deposition stated the following under oath:
 that he never treated with Chiropractor Howe prior to the accident August 24, 1997, when in fact, he had treated with Dr. Howe on fifty (50) occasions only three years prior to the alleged incident;
 that he had never been involved in a slip and fall or car accident wherein he hurt his neck or back while in fact his prior treatment with Dr. Howe was occasioned by a car accident. Furthermore, he was also injured in a slip and fall August 24, 1994, requiring his absence from work for several months;
 that he had never made a worker's compensation claim for a work related injury, although he did make such a claim for his August slip and fall and, as a result, presented to no less than five medical providers;
 that all of the neck and back pain he allegedly suffers is a result of the accident at issue because prior to the accident he never had neck or back problems and never saw any doctors for such problems, when, in point of fact, he had not only been seen by doctors but had received three permanency ratings — two from Dr. Howe, a 5% to his lumbar spine and 5% to CT Page 6445 his cervical spine, given August 8, 1994 and one from Dr. Flynn, on April 8, 1996 giving him a 10% rating to his lumbar spine; and
 that he had not been involved in any motor vehicle accidents after the instant accident of August 24, 1997, when, in fact he was in motor vehicle accidents on August 26, 1998 and September 8, 199S.
Plaintiff, Troccolla, testified at trial that he felt immediate pain after the incident, yet at his deposition he stated, under oath, that "nothing hurt" even while at the hospital and that the onset of pain began the following day. He also admitted that he was involved in two motor vehicle accidents after the August 24, 1997 incident in question namely, one in late October 1997 and one on November 13, 1998. As a result of the first of the two, he presented to St. Mary's Emergency Room on October 27, 1997 complaining of injuries suffered but never reported this to the chiropractor with whom he was treating for the claimed August 1997 injuries. As to the November 1998 accident, he claims no injuries even though in this one car accident his car overturned three or four times finally coming to rest when it impacted a tree.
The testimony of Cross and Troccolla as to their respective claims of injuries are suspect at best and therefore the court will award no noneconomic damages. In accord with the foregoing, judgment will enter as follows:
Judgment will enter in favor of plaintiff, Cross, and against defendant, Bellante,
 Economic damages $411.63 Non Economic Damages 0 ------- Total Damages $411.63
Judgment will enter in favor of plaintiff, Troccolla, and against defendant, Bellante,
 Economic Damages $376.44 Non Economic Damages 0 ------- Total Damages $376.44
So ordered.
_____________________ CT Page 6446 THOMAS G. WEST, JUDGE